**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF ILLINOIS**

**UNITED STATES OF AMERICA,**

**Plaintiff,**

**v.**

**MONTEZ L. FULLER,**

**Defendant.**

**Case No. 3:26-CR-30096-NJR**

# MEMORANDUM AND ORDER

**ROSENSTENGEL, District Judge:**

Pending before the Court is Defendant Montez Fuller's Motion to Exclude Evidence from Trial under Rule 104(a). (Doc. 38). The Government timely filed its response on October 20, 2026. (Doc. 41). For the reasons stated below, Fuller's motion is denied.

## DISCUSSION

Fuller alleges that the police tampered with the firearms found at the scene. (Doc. 38, p. 2). Specifically, Fuller states that Officer Hill "drop[ped] a magizine [sic] from the 9mm semi-automatic pistol" and "remove[d] the serial number off of the 22 Long Rifle," and that Officer Jane Doe "yank[ed] the magazine out the [22 long rifle] to the ground" causing "several objects from the firearm [to] splatter[] on the ground" including a spring and bullets. (*Id*. at 3-4). He argues that "the firearms is [sic] not in the same condition as when the crime was committed due to police mishandling," thus breaking the chain of custody. (*Id*. at 4). Fuller therefore seeks to exclude the firearms, along with any body-worn-camera ("BWC") footage and testimony concerning them. (*Id*.

at 4-5).

The Court declines Fuller's request because it is unsupported by the both the facts and the law.

Contrary to Fuller's assertion that the firearms are no longer in the "same condition" as when the crime was committed (*id*. at 4), the law demands only that the Government show that a physical exhibit is "in *substantially* the same condition as when the crime was committed." *United States v. Prieto*, 549 F.3d 513, 524 (7th Cir. 2008) (emphasis added) (quoting *United States v. Lee*, 502 F.3d 691, 697 (7th Cir. 2007)); *see also United States v. Williams*, 44 F.3d 614, 618 (7th Cir. 1995) (explaining that, after a showing of substantially unchanged condition, a court "may permit the introduction of the evidence" if it finds "a reasonable likelihood that the evidence has not been altered in a material regard."). In this determination, the Government is entitled to a presumption of regularity "that the government officials who had custody of the exhibits discharged their duties properly." *Prieto*, 549 F.3d at 524 (cleaned up). Furthermore, "the government does not have to exclude all possibilities of tampering with the evidence. Instead, the government need only show that it took reasonable precautions to preserve the original condition of the evidence." *Id*. at 525. (cleaned up).

As a preliminary matter, the Court does not understand—and Fuller does not explain—how Officer Hill dropping the pistol's magazine into a vehicle's trunk could have materially altered the firearm. (Ex. 35, Doc. 18, 5:39). Further, though Fuller claims that Officer Hill removed the rifle's serial number, his assertion is unsupported by the record. At the timestamp that Fuller specifies, Officer Hill is only seen taking a picture of

the serial number. (*Id*. at Doc. 18, 5:47). As such, Fuller's allegations concerning Officer Hill are unfounded.

Turning next to Officer Jane Doe's conduct, the Government has sufficiently shown that the firearms are in substantially the same condition as when the crime was committed. When Officer Jane Doe removed the rifle magazine to disarm it, she was taking reasonable steps to make the firearm safe. Courts have long recognized that officers may take reasonable measures to protect themselves. *See, e.g., United States v. Jackson*, 377 F.3d 715, 717 (7th Cir. 2004) ("officers' needs to protect themselves and preserve evidence are what justify the rule allowing searches of arrested persons."); *United States v. Jennings*, 544 F.3d 815, 818 (7th Cir. 2008) ("The Fourth Amendment . . . authorizes officers executing a search warrant to take reasonable action . . . to ensure their own safety and the efficacy of the search.") (cleaned up); *United States v. Hensley*, 469 U.S. 221, 235 (1985) ("When the [] officers stopped [the defendant], they were authorized to take such steps as were reasonably necessary to protect their personal safety."). As such, the fact that the disarming process caused bullets and possibly a spring to fall out does not rebut the presumption that Officer Jane Doe discharged her duties properly, nor does it support an argument that the Government did not take reasonable precautions to preserve the evidence.

Moreover, the Government has stated that the firearms have been securely maintained in police custody since their seizure. (Doc. 41, p. 4). Even if the magazines and bullets have since been removed from their respective firearms, there is no indication that the firearms are materially altered from when they were confiscated. Further, the

Government need not exclude every possibility of tampering.

Finally, the Government's "chain of custody need not be perfect; gaps in the chain go to the weight of the evidence, not its admissibility." *Prieto*, 549 F.3d at 524-25. Accordingly, even assuming that Fuller's claim about a chain of custody defect has merit, he cannot challenge the admissibility of the firearms on this ground.

## CONCLUSION

For these reasons, Fuller's Motion to Exclude Evidence from Trial under Rule 104(a) (Doc. 38) is **DENIED**.

**IT IS SO ORDERED.**

**DATED: October 22, 2026**

**NANCY J. ROSENSTENGEL**
**United States District Judge**