IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **UNITED STATES OF AMERICA,**<br><br>**Plaintiff,**<br><br>**v.**<br><br>**MONTEZ L. FULLER,**<br><br>**Defendant.** | **Case No. 3:26-CR-30096-NJR** |

# MEMORANDUM AND ORDER

**ROSENSTENGEL, District Judge:**

Pending before the Court is the Motion *in Limine* filed by Defendant Montez Fuller (Doc. 43). The Government responded on October 26, 2026 (Doc. 48). As such, this motion is now ripe for the Court's decision. For the reasons stated below, the Court grants in part, reserves ruling in part, and denies in part Fuller's Motion *in Limine*.

## Discussion

### I. Fuller's Motion to Exclude His Juvenile Conviction

Fuller first requests that his juvenile conviction for armed robbery be excluded from trial because "it cannot be used to ACCA him under 924(e)." (Doc. 43, p. 2). That is not so. The plain text of 18 U.S.C. § 924(e) explicitly permits a Court to consider convictions that were a "juvenile delinquency involving a violent felony." 18 U.S.C. § 924(e)(2)(C). Further, the cases Fuller cites do not support his position.[1] As such, this

[1] Fuller first cites to *United States v. Bankhead*, 746 F.3d 323, 326-27 (8th Cir. 2014), for the proposition that "Juvenile Illinois Armed robberies cannot be used for 924(e) enhancements." (Doc. 43, p. 2). As a preliminary matter, Eighth Circuit precedent is not binding on this Court. Regardless, however, Fuller misunderstands the case. There, the state statute of conviction required a "dangerous weapon," which was

motion *in limine* is **DENIED.**

## II. Fuller's Motion to Exclude Prior Felony Convictions Under Rule 609(b)

Next, Fuller seeks to exclude "any prior felony convictions that are older than 10 years pursuant to FED. R. EVID. 609(b) for impeaching purposes." (Doc. 43, p. 3).

Rule 609 allows the use of criminal convictions for impeachment in certain circumstances. FED. R. EVID. 609. Under Rule 609(a), evidence of a conviction for a crime that was punishable by death or by imprisonment for more than one year in the convicting jurisdiction "must be admitted in a criminal case in which the witness is a defendant, if the probative value of the evidence outweighs its prejudicial effect to that defendant." FED. R. EVID. 609(a). That general rule, however, becomes more demanding when the conviction is old. Under Rule 609(b):

> [When] more than 10 years have passed since the witness's conviction or release from confinement for it, whichever is later[, e]vidence of the conviction is admissible only if: **(1)** its probative value, supported by specific facts and circumstances, substantially outweighs its prejudicial effect; and **(2)** the proponent gives an adverse party reasonable written notice of the intent to use it so that the party has a fair opportunity to contest its use.

---

a single, undivided element broader than 18 U.S.C. § 924(e)'s "narrow[] firearm, knife, or destructive device requirement." *Bankhead*, 746 F.3d at 326 (cleaned up). Given that the statute listed no alternatives, the Eighth Circuit held that the trial court could not look at charging documents to see which weapon the defendant used, and thus the adjudication could not support the enhancement. *Id* at 326-27. In Fuller's case, however, the statute underlying his juvenile conviction is 720 ILCS 5/18-2(a), a divisible statute that sets out alternative versions of the offense. 720 ILCS 5/18-2(a). Thus, a sentencing court could, if necessary, review limited records from the prior case to identify which version Fuller was convicted of for purposes of 924(e). *Id*. at 326.

Fuller next cites to *United States v. Blanton*, 367 F. Supp. 2d 1288, 1290 (C.D. Cal. 2005), for the proposition that "a juvenile conviction cannot be used for 924(e)" where the defendant was "not afforded a right to jury trial." (Doc. 43, p. 3). Once again, another district court's holding is not binding on this one. Further, the Seventh Circuit has held, in direct contradiction, that "the absence of a jury trial" does not prevent the use of juvenile adjudication for a 924(e) enhancement. *Welch v. United States*, 604 F.3d 408, 426 (7th Cir. 2010) (cleaned up).

FED. R. EVID. 609(b).

Fuller argues that his prior felony convictions "are all 20 plus years old" and thus should be barred from trial for impeachment purposes. (Doc. 43, p. 3). The superseding indictment (Doc. 16) lays out his prior felony convictions.

On September 9, 1997, Fuller was convicted of armed robbery as a juvenile "involving the use or carrying of a firearm that would be punishable by imprisonment for such a term if committed by an adult." (Doc. 16). Because this conviction is plainly more than 10 years old, and the Government does not object to Fuller's request, the Court **GRANTS** Fuller's motion to exclude evidence of his juvenile conviction of armed robbery for impeachment.

On September 6, 2005, Fuller was convicted of domestic battery causing bodily harm (Doc. 16); the Government concedes that this conviction "does not appear to be admissible for impeachment purposes under Rule 609's temporal limitations." (Doc. 48, p. 3, fn. 3). As such, the Court **GRANTS** Fuller's motion to exclude evidence of his domestic battery conviction for impeachment.

Finally, on February 27, 2008, Fuller was convicted of two bank robberies and using a firearm in furtherance of those bank robberies and sentenced to 564 months in prison. (Doc. 16; No. 3:06-cr-30117-NJR, Doc. 339). He was released from confinement for these convictions in late 2021, following his successful motion for compassionate release (No. 3:06-cr-30117-NJR, Doc. 613). However, as stated in Rule 609(b), the time limit runs from the date of conviction *or* the release from confinement, "whichever is later." Because Fuller was released from confinement in 2021, fewer than 10 years have passed, so Rule

609(b)'s heightened standard does not apply—contrary to Fuller's argument.

As such, if Fuller testifies and the Government wishes to impeach him with evidence of his bank robbery convictions, Rule 609(a) requires that the probative value of the evidence must outweigh its prejudicial effect to Fuller.

The Government[2] argues that evidence of Fuller's bank robbery convictions are highly probative if Fuller testifies because he "puts his credibility at issue when he does so," (Doc. 48, p. 4) (citing *United States v. Toney*, 27 F.3d 1245 (7th Cir. 1994)), and because "criminals are more likely to testify untruthfully." (Doc. 48, p. 4) (quoting *Gora v. Costa*, 971 F.2d 1325, 1330 (7th Cir. 1992)). The Government further suggests that "any prejudicial effect . . . can be overcome with a limiting jury instruction, stating that evidence of a prior conviction cannot be 'used to demonstrate propensity to commit a crime.'" (Doc. 48, p. 4) (quoting *United States v. Nururdin*, 8 F.3d 1187, 1192 (7th Cir. 1993)).

The Seventh Circuit has identified five factors to guide a district court's determination about whether the probative value of evidence concerning a prior conviction outweighs its prejudicial effect. These are as follows: "(1) the impeachment value of the prior crime; (2) the point in time of the conviction and the defendant's subsequent history; (3) the similarity between the past crime and the charged crime; (4) the importance of the defendant's testimony; and (5) the centrality of the credibility issue." *United States v. Smith*, 131 F.3d 685, 687 (7th Cir. 1997) (citations omitted).

[2] The Government, in its response, also states that it wishes to use evidence of Fuller's armed robbery convictions "as an element[] of the offense" and during "the bifurcated trial for the § 924(e) enhancement" (Doc. 48, p. 1). However, Fuller's motions *in limine* does not address either proposed use, so the Court does not decide those issues.

In light of these factors, the Court does not yet have sufficient context about Fuller's testimony or the centrality of the credibility issue. As such, the Court **RESERVES RULING** under Rule 609(a) on Fuller's motion to exclude evidence of his bank robbery convictions for impeachment.

## III. Fuller's Motion to Exclude Statements Made During Arrest

Fuller next requests that any statements he made during his arrest be barred from trial because he "was not in his right state of mind and was under the influence of Alcohol [sic] and to[o] intoxicated." (Doc. 43, p. 4).

To establish that his statements were involuntary, Fuller must show more than intoxication alone. "A diminished mental state due to the effects of alcohol or drugs is only relevant to the voluntariness inquiry if it made mental or physical coercion by the police more effective." *United States v. Montgomery*, 14 F.3d 1189, 1195 (7th Cir. 1994) (cleaned up); *see also Colorado v. Connelly*, 479 U.S. 157, 167 (1986) ("coercive police activity is a necessary predicate to the finding that a confession is not 'voluntary' within the meaning of the Due Process Clause of the Fourteenth Amendment."). But Fuller has not alleged, much less demonstrated, that police coercion caused him to make the statements. As such, the Court **DENIES** Fuller's motion to exclude evidence of the statements he made during arrest because of intoxication.[3]

[3] Fuller also states that "while he was in police custody, he was questioned by officers and never afforded his Miranda warnings." (Doc. 43, p. 4). However, he does not identify the specific statements he seeks to suppress or explain the circumstances of the questioning. A generalized reference to *Miranda* does not adequately present a motion to suppress particular statements. If Fuller contends that officers violated his *Miranda* rights, he should file an appropriate motion identifying the relevant circumstances and the relief requested.

## CONCLUSION

For the reasons stated above, the Court **GRANTS in part**, **RESERVES RULING in part**, and **DENIES in part** Defendant Montez Fuller's Motion *in Limine* (Doc. 43).

**IT IS SO ORDERED.**

**DATED: October 29, 2026**

**NANCY J. ROSENSTENGEL**
**United States District Judge**